ELIZA A. NEWBERRY, Plaintiff, and CHARLES W. NEW-
    BERRY, Appellant, v. O. O. NEWBERRY, Executor and
    Legatee.

**Contracts Between Husband and Wife:** RELINQUISHMENT OF DOWER
    AS PART CONSIDERATION. Under Code, section 3154, providing
    that neither husband nor wife has any interest in the property
    of the other which can be the subject of contract between them,
    an agreement executed by a husband and wife in settlement
    of her suit for separate maintenance, by which she, in terms,
    relinquishes all claims to his estate except as provided therein,
    and he conveys to her a life estate in certain property, and cre-
    ates a lien on other lands to secure the payment to her of an
    annuity for life, is void, and cannot be enforced against his es-
    tate, since the wife's right of dower in her husband's estate is
    an interest which cannot be a subject of contract between them,
    and the relinquishment of this right formed part of the con-
    sideration for the contract.

RIGHT TO DISTRIBUTIVE SHARE: *Estoppel.* Plaintiff and defendant
    settled her suit for separate maintenance by a contract that
    he pay her an annuity for life, and a conveyance of life es-
    tate, in certain land, and a lien on his other land to secure the
    annuity, and she released all other claims to his estate. His
    will referred to the agreement, and directed his executor and
    residuary legatee to continue such payments, which he did for
    one year. Code, section 3270, provides that, where a surviving
    spouse is named as devisee in the will, it shall be assumed, un-
    less the contrary intention is clear, that such devise is in lieu of
    any distributive share; and section 3376, provides that the sur-
    vivor's share cannot be affected by any will of the spouse un-
    less consent thereto is given within six months after a copy
    has been served on such survivor. *Held,* that no copy of the
    will having been served on the widow she had not been required
    to elect, and by accepting the annuity from the executor she
    was not estopped from repudiating the void contract, and claim-
    ing her distributive share in her husband's estate.

**Construction of Decree:** SEPARATE MAINTENANCE. Plaintiff and her
    husband, settled her suit for separate maintenance by a con-
    tract that he should pay her an annuity for life and a convey-
    ance of a life estate in certain land, and a lien on other land
    to secure the annuity, and she released all claim to his estate.
    Thereupon a decree was entered that "this case is settled and

dismissed on payment of costs." *Held*, that even if the court in that action could have decreed support as provided in the contract, the decree as entered did not make such provision, or give validity to the void contract.

Abstracts: AMENDMENTS: *Costs.* Where a sufficiently full and correct abstract of the whole case is filed by the appellant, and the appellee, on his cross appeal, files another abstract, which contains nothing material which is not found in appellant's abstract, the costs of the appellee's abstract should, on affirmance, be taxed to him.

*Appeal from Lee District Court.*—HON. HENRY BANK, Judge.

THURSDAY, OCTOBER 17, 1901.

ACTION in equity to determine the interest of the plaintiff Eliza in the estate of her deceased husband, A. B. Newberry. From a part of the decree rendered, Eliza A. and Charles W. Newberry appeal, and from a part the defendant O. O. Newberry, as executor and for himself individually, appeals. Eliza and Charles W. Newberry, having first perfected their appeal, will be designated as appellants.—*Affirmed.*

*James C. Davis* for appellants.

*Herminghausen & Herminghausen* and *A. J. McCrary* for appellee.

GIVEN, C. J.—I. Mrs. Newberry claims under an agreement entered into by her and her husband for her support, and also for an allowance for one year's support and distributive share in her husband's estate. These claims were consolidated and tried together, and appeals taken as already stated. Appellants filed what appears to be a sufficiently full and correct abstract of the entire case. Appellee filed "an abstract of record on their cross appeal" of about 44 pages, and this the appellants

VOL. 114 Ia—45

moved to strike, and to tax the costs thereof to appellee. The first 21 pages of this abstract are a copy of the first 18 pages of appellants' abstract. Pages 21 and 26 set out at length what purports to have been an affidavit prepared for Mr. Newberry to verify, but which never was verified. This document is not referred to in argument, and appears to be entirely immaterial in this case. The remaining pages contain matter that sufficiently appears in appellants' abstract. We discover no necessity for filing this abstract, and the motion is therefore sustained.

II. A. B. and Eliza Newberry were married many years ago, and there were born to them two sons, the parties to this action. Mr. and Mrs. Newberry lived on a farm in Lee county until about 30 years ago, when they separated, she going to live in a house in the town of Montrose, belonging to him, and he remaining on the farm. They ever after lived apart, Mr. Newberry and the sons contributing to her support, but whether to the full extent necessary is in dispute. In December, 1897, Mrs. Newberry commenced an action against her husband for separate maintenance, and filed a motion therein for a temporary allowance pending the action. On the seventeenth day of January, 1898, pending said action and motion, the parties entered into a written agreement in settlement of the same, and thereupon an entry was made. "This case is settled and dismissed upon payment of costs." Under the agreement Mr. Newberry was to and did pay the costs and an attorney's fee of $50 to her attorneys. The agreement, after reciting the facts of their separation, the pendency of said action, and the desire of the parties "to settle said controversy, and arrange for a permanent and definite allowance to be made by said A. B. Newberry for the support of said Eliza A. Newberry during her natural life," provided as follows: "First. That the said A. B. Newberry hereby gives and conveys unto said E. A. Newberry for the term of her natural life the following described property, to wit, 'Lots 10,

11, and 12 in block 14, town of Montrose, Lee county, Iowa.'" Further provision is made that A. B. Newberry should pay all taxes due or to become due on said lots. "Second. Said A. B. Newberry further agrees to pay to said Eliza A. Newberry the sum of four hundred dollars ($400) per annum, payable in quarterly instalments. * * * The said payment of four hundred dollars per annum, as above provided, to be in lieu of all liability of whatever kind or character which A. B. Newberry will be under for the support and maintenance of said wife. And for the faithful performance of this condition of the contract said A. B. Newberry binds himself, his heirs and executors." It is further provided that the payment of $400 shall be secured by a lien upon all the real estate then owned by said A. B. Newberry, "sufficient interest in said real estate being conveyed to said E. A. Newberry to perfect and perpetuate said lien." Here follows a description of said lots in Montrose, 4 other lots in Argyle, and 17 tracts of land. Provision was made as to certain results that might follow a failure to make the quarterly payments, and then the following: "And the said Eliza Newberry, by her signature to this agreement, accepts the conditions of this agreement as satisfactory, and accepts the same in lieu of all her interest in the real estate owned by said A. B. Newberry." This instrument was duly executed and acknowledged by the parties, and Mr. Newberry thereafter paid the quarterly installments up to the time of his death, August 1, 1898. He died testate, leaving the plaintiff, his widow, and said two sons, his only heirs, surviving him. By his will, which was admitted to probate, he gave certain of his property to each son, and the residue to O. O. Newberry. The only provision made in the will as to the widow is as follows: "Fifth. Having made and entered into an agreement with my wife on Jany. 17th, 1898, in settlement of an action instituted by her against me, and in settlement of all the property rights she has in my property,

which contract was filed for record Jany. 29th, 1898, after being duly signed and acknowledged, in the county recorder's office at Keokuk, Lee county, Iowa, and recorded in Book 36, on page 280, I hereby enjoin upon my son O. O. Newberry to comply with after my death as fully as I might do if living." O. O. Newberry was appointed and qualified as executor, and as such paid to his mother the quarterly instalments up to October 10, 1899.

III. The plaintiff Eliza Newberry asks a decree establishing her right to be paid $400 per annum during her life under said agreement. The court found against her on this claim, holding that said agreement was made "with reference to the interest which they respectively had in each other's property," and therefore void; and it is from this ruling that Eliza A. Newberry appeals, Charles W. Newberry joining therein. Section 3154 of the Code contains the following: "When property is owned by the husband or wife, the other has no interest therein which can be made subject of contract between them." Appellants' counsel cite cases wherein agreements as to alimony have been sustained in cases wherein divorce was about to be or had been granted; notably *Blake v. Blake,* 7 Iowa, 51; *Martin v. Martin,* 65 Iowa, 257; *Nieukirk v. Nieukirk,* 84 Iowa, 371. Those agreements were sustained for the reason that the marriage relation was dissolved; but not so in this case. Appellants contend that the agreement does not refer to the right of dower, nor to any further interest the wife might have in the estate of the husband. The language of the agreement forbids such a construction. It was in settlement of the pending suit, and it was to give Mrs. Newberry a definite allowance for her support during her lifetime. By the agreement Mr. Newberry conveyed to her a life estate in the lots in Montrose, and agreed to pay her $400 per annum "for the term of her natural life, * * * to be in lieu of all liability of whatever kind or character which A. B. Newberry will be under for the support

and maintenance of his said wife." For the performance of this agreement he bound "himself, his heirs and executors," and secured the same by making it a lien upon all the real estate then owned by him. It was in consideration of these agreements that Mrs. Newberry, "by her signature to this agreement, accepts the conditions of this agreement as satisfactory, and accepts the same in lien of all her interests in the real estate owned by A. B. Newberry." We think it entirely clear that by this instrument Mrs. Newberry agreed to relinquish all interest in the real estate described. She had an interest in said real estate, and under said section of the Code that interest could not be the subject of contract between them. The parties to the contract and the executor so construed it. The will shows that Mr. Newberry so understood it, in that it provides for the payment of the $400 during her life, and devises all the property to the sons. The executor and the widow so understood it, as appears by his paying and her receiving the quarterly payments after the death of Mr. Newberry. Appellant's counsel cite cases to the effect that the wife's interest in her husband's real estate during his life is but a contingent interest, a mere inchoate right of dower incapable of being transferred or released except to one who has, or by the same instrument acquires, an independent interest in the estate. While these cases hold that the inchoate right of dower is not an estate, they recognize that it is a contingent interest; and we think, under our statute, that interest cannot be the subject of contract between husband and wife. *In re Jones' Estate,* 118 Cal. 499 (50 Pac. Rep. 766), is especially relied upon. In settlement of an action for divorce the parties entered into an agreement by which the wife was to take certain property, that she was to be released from all obligations, and not be held liable for any debt of the husband. "In consideration whereof said second party [the wife] agrees that she accepts in release and full payment from said party the foregoing sum of money for

any and every demand, claim, obligation, debt, and liability, and does by these presents agree to release him, said first party, from all and any debt which she now owes, or which may hereafter be contracted by her." There was no agreement to accept the property given her "in lieu of all her interest in the real estate," as in this case. That court held that there was no intention to defeat the law of inheritance, but such an intention is manifest in the agreement under consideration, so far as the widow is concerned. The lower court held said agreement void, and that Eliza Newberry was not entitled to have any sum established as a claim against the state thereunder, and in this conclusion we fully concur. We add to what is already said in this paragraph that A. B. Newberry had an undoubted interest in his property, and that by the agreement he not only conveyed a life estate in the lots in Montrose to Mrs. Newberry, but contracted a lien in her favor against all his real estate.

IV. Eliza A. Newberry, as widow, refuses to take under the will, and makes claim to a distributive share in her husband's estate, and for an allowance for one year's support. The district court held that she is entitled to a distributive share and to $600, for her year's support, less the sums paid her for support since her husband's death, and rendered a decree accordingly, and it is from this part of the decree that O. O. Newberry, for himself and executor, appeals. His contention is that, although, standing alone, the agreement may be void under the statute, yet, made as it was in settlement of the pending action for support, the agreement became a part of the decree, the same as if it had been entered at length therein; that the court had jurisdiction to render a decree in that action providing for the support of Mrs. Newberry as is provided in the agreement; and that, the agreement being a part of the decree, it is valid, and binding on the parties thereto as a decree. Cases are cited to the effect that a voluntary dismissal of an action does not bar another action upon the

same cause, but that, where the dismissal is in pursuance of an agreement of the parties, it does. He quotes from Freeman Judgment (2d Ed.) section 39, as follows: "But only that a judgment of dismissal, when based upon and entered in pursuance of the agreement of the parties, must be understood in the absence of anything to the contrary expressed in the agreement, and contained in the judgment itself, to amount to such an adjudication of the merits of the controversy by the parties themselves, through the judgment of the court, as will constitute a defense to another action afterwards brought upon the same cause of action." Conceding that the court might have decreed support as provided in the agreement,—a question we do not determine,—yet it does not appear that the terms of this agreement ever came to the knowledge of this court. "This cause is settled and dismissed upon the payment of costs" does not indicate the terms upon which it was settled and dismissed. If the parties desired, they should have had the terms of their agreement embraced in the decree. It may well be doubted if the court would have decreed a support of $400 a year "in lieu of all her interest in the real estate." Counsel quotes further from Freeman Judgment section 38, as follows: "A judgment is not what is entered, but what is ordered and considered." It does not appear that the terms of this agreement were considered and ordered by the court as its decree in the case of maintenance. *Mowry v. Wareham,* 101 Iowa, 28, is cited, wherein we held that an agreed judgment "is as conclusive of the issues under which it is rendered as if it resulted from a trial of the issues." In this case there was no judgment on the merits, by agreement or otherwise. It is sufficient to say that this void agreement never became a part of the decree, and may not be enforced as such. It is contended that by receiving payments after her husband's death on account of the $400 provided in the contract Mrs. Newberry elected to take under her will, and therefore is

not entitled to take a distributive share. Section 3270 of the Code provides that, where the surviving spouse is named as a devisee in the will, "it shall be assumed, unless the intention is clear and explicit to the contrary, that such devise is in lieu of such distributive share, homestead and exemptions." Section 3376, Code, is as follows: "The survivor's share cannot be affected by any will of the spouse, unless consent thereto is given within six months after a copy thereof has been served upon the survivor by the other parties interested in the estate, and notice that such survivor is required to elect whether consent thereto will be given which consent when given, shall be in open court, or by a writing filed therein, which shall be entered on the proper records thereof; but if at the expiration of six months no such election has been made, it shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder." It does not appear that a copy of this will has ever been served upon Mrs. Newberry, nor any notice that she was required to elect whether or not to take under the will. She had never consented in open court or a by a writing filed therein to take under the will. Had a copy of the will and notice been served as provided in this section, and no election made, then it would be conclusively presumed that she consented to the provisions of the will, and elected to take thereunder; but, in the absence of a service of a copy of the will and of notice, such presumption did not arise. "Consent and acceptance are not sufficient without the record entry, and the record cannot be made after the expiration of six months." *Houston v. Lane,* 62 Iowa, 291. See, also, *Everett v. Croskrey,* 92 Iowa, 333.

Our conclusions are that the agreement for support is void; that Mrs. Newberry is not entitled to any allowance under it; and that, having survived her husband, and not consented to take under the will, she is entitled to the allowance for one year's support and to a distributive share in

his estate. It follows from these conclusions that the decree of the district court is affirmed on both appeals.—AF-FIRMED.