LAURA ARNOLD *et al.*, Appellants, v. EUPHEMIA M. and
RODERICK G. LIVINGSTON, Appellees.

**Wills:** DEVISE TO WIDOW: ELECTION. A devise to a widow is in the
nature of an offer by the testator in lieu of her distributive share
under the statute, and is not effectual until she has elected to
accept the devise.

**Same:** TIME FOR MAKING ELECTION. The statute relating to an election
by a widow to accept the provisions of her husband's will made
for her benefit fixes no time limit for service of notice upon her
by those interested in the estate; and in the absence of such notice
she need not make her election within any particular time or in
any particular manner.

**Same:** MANNER OF ELECTION: EVIDENCE. Under the present statute
a widow's election to take under her husband's will may be made
at any time, and may be shown by express words of election, or
in any other manner in which the intent to elect can be ascer-
tained. Evidence held to show an election to take under the will
rather than under the statute.

**Same:** EFFECT OF ELECTION. A widow's election to take under her
husband's will is binding upon her devisees.

*Appeal from Jones District Court.*—HON. W. N.
TREICHLER, Judge.

SATURDAY, FEBRUARY 15, 1913.

ACTION for admeasurement of dower. Judgment decreed in favor of applicants.—*Reversed.*

*Herrick, Cash & Rhinehart,* for appellants.

*E. E. Reed* and *J. W. Doxsee,* for appellees.

GAYNOR, J.—It appears from the record in this case: That Alexander Livingston died in October, 1907, and at the time of his death was the owner of one hundred and sixty acres of land in Delaware county, and a homestead in Monticello, Iowa. That he left surviving him his widow, Sarah J. Livingston, that he died testate, leaving a will, which after providing for his just debts and funeral expenses reads as follows:

I will, devise and bequeath unto my beloved wife, Sarah J. Livingston, a life interest in all the property of which I may die seized or possessed, or to which I may be entitled, with remainder over as hereinafter described. She shall not have the right of sale except that if it be necessary to make repairs and improvements she may make the same from the proceeds of the sale of personal property, but she shall have the right to occupy or rent all of the land and appropriate unto herself the proceeds or rental only and she may change the character of the personal property, whenever necessary, and reinvest the same or use the personal property sufficient to maintain her in health and sickness if the rental of the real estate is insufficient therefor. This bequest shall be in lieu of her dower or statutory rights. Unto certain of my children I make the following bequest: James H. Livingston, $1.00; Roderick G. Livingston, $1.00; John D. Livingston, $5.00; Alexander B. Livingston, $5.00; Sarah A. Putnam, $300.00; Louisa Holcomb, $300.00; Euphemia Livingston, $300.00; which shall be paid upon the event of the death of my wife. After the death of my said wife and the payment of all legacies aforesaid, all that remains of my property shall be divided among the following named persons in the following proportions, to wit: Sarah H.

Putnam, one share; Louisa Holcomb, one share; Alice
Darling, one-half of one share; Laura Arnold, one share;
Archibald Livingston, one share; Euphemia Livingston,
one share; Gladys Swift, one-fourth of one share; Edna
Swift, one-fourth of one share; Stanley Swift, one-fourth
of one share; Esther Swift, one-fourth of one share.

That said will was admitted to probate on the 3d day
of December, 1907, and duly probated, and the executor
named therein, Howard Putnam, after being duly ap-
pointed by the court, duly qualified as required by law,
and gave notice of his appointment. That the said Sarah
J. Livingston, widow, died testate on the 12th day of
March, 1909, and that the petitioners herein, Euphemia
M. and Roderick G. Livingston, are the sole legatees and
devisees under her will. That the will of the said Sarah
J. Livingston was admitted to probate and duly probated
on the 2d day of April, 1909.

It is claimed by the applicants herein, Euphemia M.
and Roderick G. Livingston, sole devisees under the will
of the said Sarah J. Livingston, that the said Sarah J.
Livingston did not in any manner elect to take under the
will of the said Alexander Livingston, and did not in any
manner relinquish her right to her distributive share in
the estate of her husband, Alexander Livingston, and at
the time of her death she was entitled to a dower interest
in his estate and they ask that the same be now admeasured
and set off to them as sole devisees under her will. Upon
the trial of this cause in the court below it was admitted
of record that the said Sarah J. Livingston never appeared
in court or made any election before the court in person
to accept the provisions of the will, and that she never
filed in said court any written acceptance of the provisions
of the will, and that no election to take under the will of
Alexander Livingston by her was ever made of record in
said court.

The questions therefore to be determined are what

were the rights of Sarah J. Livingston to, and what was her interest in, the property of Alexander J. Livingston at the time of the death of the said Sarah J. Livingston, and this must be determined by reference to the statutes in force at the time of her death. Section 3366 of the Code of 1897 provides as follows: "One-third in value of all legal or equitable estates in real property possessed by the husband at any time during the marriage, which have not been sold on execution or other judicial sale, and to which the wife had made no relinquishment of her rights, shall be set off as her property in fee simple, if she survives him." Section 3362 of the same Code provides: "The personal property of the deceased, not necessary for the payment of debts, or otherwise disposed of, shall be distributed to the same persons and in the same proportion as though it were real estate." From these statutes it appears that the said Sarah J. Livingston at the time of her husband's death was entitled to one-third in value of all the legal or equitable estate in real property, possessed by him at the time of his death, being the property in controversy, and one-third of all the personal property owned by him not necessary for the payment of debts or otherwise disposed of, and this became a fixed and absolute right in her immediately upon the death of her husband. Therefore, upon the death of her husband, she had the right to take and hold her distributive share and her homestead rights and exemptions, or to take in lieu thereof the devise made to her in the will, but she could not take both, for, when the widow is named as devisee in the will, it is presumed, unless the contrary appear, that the testator intended the devise to be in lieu of such statutory rights. Section 3270 of the Code 1897. So upon the probate of the will the said Sarah J. Livingston stood in such a position, with relationship to the provisions of the will, and her rights under the statute,

that she might choose or elect to take one or the other as it might seem to her to be for her best interests.

The devise to the widow was in the nature of an offer or tender to her of the thing devised in lieu of her statu-

1. WILLS: devise to widow: election.

tory rights, and, being only an offer or tender made to her by her husband in his will, it did not become effectual as to her until accepted by her; that is, until she elected to take the devise in lieu of her other rights.

The statute does not put any time limit on her right to accept or reject the devise except as found in section

2. SAME: time for making election.

3376, and then only when she is compelled to elect by the others interested in the real estate and forced to make her election of record.    Section 3376 of the Code of 1897 provides as follows:

The survivor's share can not be affected by any will of the husband unless consent thereto is given within six months after a copy thereof has been served upon the survivor by the other parties interested in the estate, and notice that such survivor is required to elect whether consent thereto will be given, which consent when given, shall be given in open court or by writing filed therein, which shall be entered on the proper records thereof; but if at the expiration of six months, no such election has been made, it shall be conclusively presumed that such survivor consents to the provisions of the will and elects to take thereunder.

There is no time fixed in the above statute within which "the other parties interested in the estate" are required to serve the widow with notice to elect. There is no limit in the statute on them. The right is given them at any time to force the widow to an election, and to require her to make her election of record, and it is only after this notice has been served upon her that the conclusive presumption arises against her.    This statute was undoubtedly enacted for the benefit of the "other parties

interested in the estate," and to enable them to have the rights and interests of the widow definitely determined and fixed, if they so desire, and to force her to elect and to have the same made of record for the protection of those interested in the estate for all future time. In the absence of this notice, the widow is not limited as to time in making her election, nor is she required to make the same in any particular manner. She stands with the right of election; that is, with the right to choose whether she will accept and take the devise tendered her in the will, or whether she will stand upon her statutory rights and take her distributive share, homestead rights, and exemptions.

Election is to choose between rights, or to choose one thing rather than another. The election determines the choice, and this choice may be shown by expressed words of election, and as in this case the actual taking of the thing bequeathed, or it may be shown in any other manner that clearly makes manifest that an election has been made. No homestead rights are in issue here. In this the present statute differs from section 2452 of the Code of 1873, which reads as follows: "The widow's share can not be affected by any will of her husband unless she consents thereto within six months after notice to her of the provisions of the will by the other parties interested in the estate; which consent shall be entered upon the proper records of the court." From this statute it is apparent that, to entitle her to take under the will, she must appear within six months after notice of the provisions of the will and make her election and make it a matter of record, and it was held that, if she did not appear within the six months and make her election and make the same of record, she could not do so afterwards, and was conclusively held to have rejected the provisions of the will.

It is apparent that the foregoing construction of the present statute and of the widow's right of election, and

3. SAME: manner of election: evidence.

as to how her election shall be evidenced, is not in harmony
with many of the decisions heretofore made by this court,
but a close examination of those decisions will disclose that
many of them were made under statutes entirely dif-
ferent from those statutes now under consideration.
From the above statute of 1873, it will be seen
that the share of the widow can not be affected by
the will of the husband, and is not affected unless she
consents thereto within six months after notice to her of
its provisions, and this consent must, by the terms of the
statute be entered upon the proper records of the court
within six months after she received notice of the provi-
sions of the will. Therefore, under this statute, unless the
widow consents to take under the will within six months
after notice to her of its provisions and makes this election
of record (and it could not be made of record after that
time), she is presumed and is held to have rejected the
provisions of the will in her favor, and to have elected to
take her statutory rights, and it was rightly held that she
was barred from taking under the will unless consent
thereto was made within six months and entered upon the
records of the court. At the time *Newberry v. Newberry*,
114 Iowa, 704, was decided the statute now under consid-
eration was in force, but the point now decided was not
decided in that case, for there was no proof that the widow
elected to take under the will, and no evidence of any
relinquishment of her statutory rights, and the court rightly
held that she was not barred from asserting her rights
under the statute. It is true that the court cites this
statute, and announces the rule that consent to, and accept-
ance of, the provisions of the will must be made in six
months after notice of the will, and that such consent must
be made of record, and cites in support of the rule *Houston
v. Lane*, 62 Iowa, 291, and *Everett v. Croskrey*, 92 Iowa,
333, but it will be noticed that both these cases were de-
cided under the statute of 1873 (section 2452), and it will

be further noticed in this *Newberry* case that it was not necessary to invoke this rule to reach the conclusion on which the decision is based. *Bailey v. Hughes*, 115 Iowa, 304, was decided while the present statute was in force, but in that case the rights of the widow were fixed before this statute was enacted, and, though the statute under consideration (that is, the present statute) is set out in this opinion, the authority for the holding rests on the decisions of this court made under the statute of 1873. The same is true of *Jones v. Jones*, 137 Iowa, 382, and *Byerly v. Sherman*, 126 Iowa, 447, and this is true of all the decisions relied upon by appellee except some where there was an apparent effort made to bend this statute to conform to the former decisions of this court under different statutes, and instead of making the decision conform to the statute as it now is.

From the foregoing discussion it is apparent that we now hold that the widow may elect to accept the devise at any time, and that this fact can be shown by any competent evidence that satisfies the court that she did so elect before her death, and need not be made within six months; and need not be made a matter of record except as provided in section 3376.

This brings us to the question of fact—did she so elect? It appears that many times between the death of Alexander Livingston and her death the said Sarah J. Livingston stated in the presence of her children that she accepted the provisions of the will and would hold under the will that, if she took her distributive share, the income would not be sufficient to keep her during the remainder of her life; and that she would be able to live on the income of the whole property, that is, the rentals; that she accepted the will, was going to stand by it, and lease the farm. It appears that she did rent the farm, received and appropriated to her own use the entire rental of the farm, besides occupying the home at Monticello until the time

of her death, and was never asked to, and never did, make any account therefor to, or with, the other devisees named in the will.

From the whole record it is apparent that she elected to take under the will and gave all with whom she came in contact a right to believe she so elected; and they did so believe and we find as a matter of fact she did elect; and this election on her part is binding on the devisees in her will, and leaves them without any standing in court.

4. SAME: effect of election.

There are other questions discussed by counsel, but under the ruling herein made we find it unnecessary to enter into those questions. We therefore, hold that the court erred in holding that there was not sufficient competent evidence to warrant a finding under the law that Sarah J. Livingston elected to take under the will of Alexander Livingston, and in holding that the devisees named in the will of Sarah J. Livingston were entitled to a distributive share in the estate of Alexander Livingston; and the case is therefore—*Reversed.*