IN RE ESTATE OF JACOB HEUBERGER.

MICHAEL ADAM et al., Appellants, v. AMBROSE HIGHBERGER et al., Appellees; CYRILL BENJAMIN STRIEGEL et al., Appellants.

DESCENT AND DISTRIBUTION: Election Between Will and Dower— Evidence. An election by a widow to accept the provisions of a will in lieu of distributive share is not shown by testimony that the widow, when informed of the provisions of the will in her favor, indicated, somewhat inferentially, her satisfaction therewith. So held as to an aged widow who was unfamiliar with business matters, and who survived her husband some four weeks.

*Appeal from Keokuk District Court.*—Charles A. Dewey, Judge.

## March 15, 1921.

This action involves the construction of the will of the said decedent, and the determination of whether or not the widow of said decedent elected to accept the provisions of said will.—*Affirmed.*

*J. H. Wyllie* and *Frank M. Beatty,* for appellants.

*Hugo F. Goeldner, Stockman & Baker,* and *J. P. Talley,* for appellees.

Faville, J.—As indicated in the title of this cause, plaintiffs and certain of the defendants appear as appellants; other defendants appear as appellees. For convenience in the discussion of the case, we will refer to the plaintiffs as if they were the sole appellants, and to all of the defendants as though they were appellees.

The will of the testator, Jacob Heuberger, contained, among other things, the following provision:

"I give, devise, and bequeath to my wife, Anna Heuberger, of Harper, Iowa, all of my remaining property, real, personal or mixed. She to use this property during her natural life."

By subsequent provisions of his will, the testator bequeathed certain moneys to different children, and provided that his daughter Paulina should have the option to purchase, after the death of his wife, his home in Harper for the sum of $2,000, and also a certain tract of farm land for the sum of $40 an acre. The will provided that, if the said daughter, Paulina, did not wish to buy the said homestead property for the sum of $2,000, his daughter Mary should have the same option. The testator died March 30, 1919, and his widow died intestate on April 28th, following.

The executors filed an application for an order to execute deeds conveying said described real estate in accordance with the terms and provisions of said will, and alleged that the widow

of said testator elected to accept the terms and provisions of the said will. All of the legatees, devisees, and heirs at law of said testator were served with notice and made parties to said action. Objections were duly filed to said application, on the ground that the widow did not take under the will, but took her distributive share.

I. The ultimate question presented by this appeal is whether or not the widow of the said testator elected to take under the will. The widow at no time filed any written election to take under the will, nor was any election entered of record, nor did the heirs or any person interested in the estate ever serve any notice upon the widow, calling upon her to make such an election.

In *Arnold v. Livingston*, 157 Iowa 677, we held that the fact of election by the widow "can be shown by any competent evidence that satisfies the court that she did so elect before her death, and need not be made within six months, and need not be made a matter of record except as provided in Section 3376."

It therefore becomes essentially a fact question to determine whether or not the acts, conduct, and declarations of the widow were sufficient to satisfy the court of the fact of such an election.

In *Schubert v. Barnholdt*, 177 Iowa 232, we held that:

"To constitute an election in such cases, two things appear to be necessary: (1) that the widow be aware of the extent of the estate and that she is choosing between two inconsistent rights, and (2) that, with such knowledge, she intended to choose."

It is obvious that no two cases can be identical in their facts, and the precedents can only guide us as to the general principles involved in determining the facts as to election.

In *Berry v. Donald*, 168 Iowa 744, we said that the evidence of such an election to take under a will in lieu of distributive share should be clear and satisfactory.

The evidence shows that the testator was 81 years of age at the time of his death, and that the wife, who died about a month later, was 84 years of age at the time of her death. The couple had been married more than half a century. The testator had been a farmer all of his active life, and had lived for many years in the neighborhood of Harper, Iowa, and for about

16 years in the town. The estate of the testator consisted of certain real estate referred to in the will, and of some moneys and credits in the bank at Harper, the total value of the estate being estimated at about $10,000. The will was executed in January, 1916, and, at the time of the testator's death, was in the custody of the priest of the Catholic Church, of which the testator and his wife were both members. The priest testified that the testator left the will with him, and that, after the death of the testator, his widow and her son-in-law called at the priest's home, and that at said time he told her that he had the will at his place in his safe, and that the widow replied:

"It will remain there, because I am satisfied; it will stay there."

The son-in-law corroborated this conversation.

A sister of the widow's testified that, after the death of the testator, she had a talk with the widow in regard to the will, in which the widow said that the will was opened and read, and "everything belongs to her as long as she is living."

The father of two of the minor grandchildren of the testator testified to a conversation with the widow, after the death of the decedent, in which he said to her that he understood that there was a will, and she replied:

"Yes, there is a will, and everything is mine as long as I live."

Another witness testified that the widow told her that the will was opened and read, and that the will gave her the property as long as she lived.

A daughter of the parties' testified, over objection that she was incompetent under Code Section 4604, that the widow stated that it was not necessary to take the will to court and prove it, because everything was hers as long as she lived.

Another daughter also testified, over objection that she was incompetent, under Code Section 4604, that the widow said that everything was hers in the will as long as she lived, and after that the will was to stay just exactly as it is.

We have not attempted to set out every item of evidence on this subject, but the foregoing is the substance of it. In the instant case, the evidence discloses that this widow was an old lady, who had lived in this country a great many years, but did

not speak the English language. She was not familiar with business transactions, and the record discloses that the testator, with the assistance of a daughter, had transacted his business. It is very apparent that this old lady, 84 years of age, and the mother of a large family, had devoted her life to the care of her home and her domestic affairs. It is true that every person is presumed to know the law. Therefore, this widow is presumed to have known that the provisions of the statute allowed her the right to one third in value of the legal and equitable estate of her husband; but, under the conditions and facts disclosed in this case, the presumption cannot be given very great weight. A large amount of the proof offered in behalf of the appellants was more in the nature of a recital by the widow of the provisions of the will respecting her than it was a declaration of a purpose to accept the will in lieu of her rights under the statute. A considerable amount of the testimony was from the mouths of witnesses who were incompetent, under Code Section 4604.

We think this evidence falls far short of being of that clear and satisfactory character which is required in cases of this kind to establish an election. There is no evidence here of any act on the part of the widow in relation to the property indicating any election on her part, or of an intent on her part to choose between two known rights.

In *Pring v. Swarm*, 176 Iowa 153, it appeared that the widow, on one or more occasions, expressed her willingness or purpose to accept what her husband had provided for her, and that she did accept and receive rents accruing on the land of which he died seized. We held that the receipt of the rents under such circumstances did not operate to estop her from claiming her statutory share of her husband's estate, and that what she said in conversation as to her purpose with respect to her husband's will was not said to the other beneficiaries, nor did it appear to have been said with any intent to influence their conduct or action, and it did not appear to have done so.

We had occasion to consider the subject of election in the case of *Watrous v. Watrous*, 180 Iowa 884, and it is unnecessary to repeat what we then said. The evidence offered therein was stronger than in the case at bar, to show an election on the part

of the surviving spouse, and we held that the evidence fell short of being sufficient so to do.

The finding of the trial court that the widow of the testator did not make any legal election to accept the will in lieu of her statutory rights in the property of the testator is, we think, fully sustained and warranted by the record, and it necessarily follows that the conclusion that the widow, at the time of her death, was entitled to her distributive share under the statute, in and to the property of the said decedent, was correct.

II.　In view of our holding that the widow did not elect to take under the will of the testator, it becomes unnecessary for us to determine the other questions argued by the appellants.

It therefore follows that the order appealed from must be, and the same is, in all respects—*Affirmed*.

Evans, C. J., Stevens and Arthur, JJ., concur.