NETTIE P. ALBRIGHT et al., Plaintiffs, Appellees, v. FREDERICK E. WINEY et al., Defendants, Appellees, ALICE DONAHUE, Defendant, Appellant.

ALICE DONAHUE, Plaintiff, Appellant, v. LESTER A. WINEY et al., Defendants, Appellees.

No. 44693.

FEBRUARY 14, 1939.

I. H. Tomlinson, for appellant.

P. P. Pascal and M. L. Sutton, for appellees.

HAMILTON, J.—By agreement of the parties, the two actions designated in the caption were consolidated in the court below and are so presented to this court.

There is but one question involved, namely, whether or not, under the terms of a certain deed of conveyance, the grantees took title as tenants in common or as joint tenants with right of survivorship.

Richard M. J. Winey, paternal ancestor of the parties to both these actions, died intestate on or about January 29, 1922, leaving a large amount of real estate and personal property and leaving surviving him his widow, Jennie Winey, and eight children. It is undisputed that on or about the 26th day of March, 1923, said widow and children, all of whom were of legal age, undertook the mutual partition and division among themselves of all the property left by said Richard M. J. Winey, deceased.

In effecting this said mutual division or partition, a deed was joined in by the widow and six of the children conveying to two of the other children, to wit, Isaac C. Winey and Alice Donahue, a certain 160 acres of real estate. This deed recites:

"This deed of conveyance witnesseth:—That Jennie Winey, widow of Richard M. J. Winey, deceased, and a single woman of DeWitt, Clinton County, Iowa, and Fitzhugh L. Winey, and Agnes Winey, his wife of Berthoud, Larimer County, Colo., and Della Dolan, and John Dolan, her husband, of Delmar, Clinton County, Iowa, and Vinnie Holcomb and George Holcomb, her husband, of Donahue, Scott County, Iowa, Lester A. Winey, and Olga Winey, his wife, of Clinton, Clinton County, Iowa, and Nettie Albright, and Andrew T. Albright, her husband of De-Witt, Clinton County, Iowa, Frederick E. Winey, and Luella Winey, his wife, of Charlotte, Clinton County, Iowa, for the purpose of partitioning the estate of Richard M. J. Winey, deceased, among the widow and heirs in consideration of $1.00 in hand paid to them hereby convey to Isaac C. Winey, of the town of DeWitt, Clinton County, Iowa, and Alice Donahue, of Des-Moines, Polk County, Iowa, the Southwest quarter of Section eight (8) Township eighty-three (83) North, Range four (4) East of the 5th P. M. situated in Clinton County, Iowa. Said real estate being taken by said grantees jointly, and in consideration of the sum of $10,000 each on their distributive share of the real and personal property of Richard M. J. Winey, deceased, to have and to hold the above described real estate to the said grantees, their assigns, heirs, and devisees forever."

Isaac C. Winey, a bachelor, resided in Clinton county, Iowa, and Alice Donahue, a married woman with one son, the other grantee in said deed resided in Des Moines, Polk county, Iowa. Neither of the grantees lived on the farm. The deed was drawn by A. L. Pascal, a practicing lawyer since 1878. His practice consisted of probate matters and he was also an abstractor of titles and considered a good conveyancer and a good title lawyer. The deed bears date of March 26, 1923. Isaac C. Winey died intestate on or about the 11th day of January, 1937, leaving no widow, offspring, mother or father surviving him but left as his only heirs at law his sisters and brothers who are either plaintiffs or defendants in the partition suit.

In answer to the partition petition, Alice Donahue, one of

the grantees in said deed, alleged that she was the absolute owner in fee simple of the land described in said deed. In all other respects she admitted the allegations in the partition suit. Alice Donahue also filed a separate action to quiet title to the quarter section of land described in said deed making her brothers and sisters defendants in said suit. Defendants in the quiet title suit answered denying that Alice Donahue was the owner in fee simple of said quarter section of said real estate and alleging that she and her deceased brother, Isaac C. Winey, held title to said premises under said deed as tenants in common and asking and praying that the petition in the equity suit to quiet title be dismissed. There was a decree for plaintiff in the partition suit and judgment dismissing the quiet title suit.

Alice Donahue perfected her appeal in each of said actions from said judgment and decree in both of said cases and from the orders, rulings, judgment entries and decrees of the said trial court and from each and all of the findings and rulings of said court adversely to the said Alice Donahue and which were made and entered of record in said actions.

Two propositions are relied upon by appellant for reversal. Plaintiff, in the quiet title suit, filed a motion to strike certain parts of the defendants' answer and, although this motion was never ruled upon by the trial court, appellant contends that, since this is an equitable action triable de novo in this court, we should consider said motion and rule thereon. Appellant has not favored us with any legal authority which would justify this court in assuming original jurisdiction for the purpose of passing upon said motion to strike and we know of no such authority. We are quite sure that able counsel for appellant does not expect us to give this matter serious consideration. Even had the motion been overruled, a reversal would not be warranted. The complaint being that certain allegations in the answer were in the nature of conclusions and not statements of fact.

The second error and the one most seriously urged by appellant relates to the language in the deed, it being the contention of appellant that the grantees held as joint tenants and not as tenants in common. The trial court took the opposite view and we are abidingly satisfied the trial court was right.

It will require but a brief examination of the authorities to

support our conclusion. It is provided by the statute in this state that:

"Conveyances to two or more in their own right create a tenancy in common unless a contrary intent is expressed." Section 10054, 1935 Code of Iowa.

This has been the law since the Code of '51.

In an early case, Hoffman v. Stigers, 28 Iowa 302, Wright. J., in discussing this question made use of the following language:

"* * * in this state it is declared that conveyances to two or more in their own right create a tenancy in common, unless a contrary intent is expressed. Rev. §2214. With us, therefore, when the estate is held by two or more, not as trustees, but in their own right, nothing being expressed to the contrary, the tenancy would be in common. And thus most plainly and authoritatively is the estate of joint tenancy disfavored by our law. * * * And as *now we* in most of the states condemn entailments, or perpetuities, so we do and should joint tenancies, or at least their common-law incident—the right of survivorship."

There has been no departure from the foregoing pronouncement and such is still the law in this state.

Counsel on both sides of this controversy are in agreement that there has been but one case decided by this court where this question was involved where the holding was in favor of a joint tenancy and this is the case of Wood v. Logue, 167 Iowa 436, 437, 149 N. W. 613, 614, Ann. Cas. 1917B, 116. An examination of this case reveals the fact that the language in the deed is much more explicit in setting forth the intention to create a joint tenancy than in the deed in the instant case. We quote from the deed involved in the cited case as follows:

" * * * It is agreed between the grantor and the grantees named in the deed that they all have the right to occupy the property so long as they remain single. If the grantor or either one of the grantees get married, the ones that are married cannot occupy the property, without the consent of those that are not married, so long as the grantor and grantees remain single, they can occupy the property as a house free of rent. In case of the death of the grantor, the grantees are to inherit the undivided one-third interest of the grantor, and in case of one of

the grantees dying first, the grantor and the surviving grantee are to inherit that portion of the property that is owned by the grantor and grantee that are deceased. It is understood between the grantor and grantees herein that the one dying last is to be the absolute owner of the property herein described, and he or she may dispose of the entire property by will or in any other way that he or she may desire."

In every other case where this question has been presented, our court has held against joint tenancies. In the case of Gruwell v. Gruwell, 185 Iowa 581, 171 N. W. 290, the deed contained the following language:

" 'Above premises are to go and be held by either Sarah Gruwell or Ben Gruwell, which ever survives the other, and be held by said survivor undivided until the death of said survivor, when title to said land is to be vested in the legal heirs of above grantees as the law directs.' "

And it was held that this language did not create a joint tenancy. In the case of Fay v. Smiley, 201 Iowa 1290, 1293, 207 N. W. 369, 370, the court had under consideration a deed containing the following language:

" 'This indenture, made the 14th day of October in the year one thousand nine hundred and fifteen between James Fay, married, of the borough of Brooklyn, state and city of New York, county of Kings, party of the first part, and James Fay and Katherine Fay, of the same place, parties of the second part as tenants by the entirety and not as tenants in common.' "

It was held that when this language was considered in connection with other provisions in the deed that it did not create an estate in entirety or joint tenancy.

It is the contention of appellant that the use of the word "jointly" in the deed in question in the instant case taken with the evidence bearing on the question of intent was sufficient to create a joint tenancy. We find ourselves unable to agree with appellant. We are of the opinion that when the following provision, to wit, "to said grantees, their assigns, heirs, and devisees forever" is considered it completely negatives any intent on the part of the grantors to create in the grantees a joint tenancy. We have examined the testimony introduced by the appellant

for the purpose of showing that this title was taken by the grantees under an agreement to hold the same as joint tenants with right of survivorship and we are firmly of the opinion that there is no competent proof of any such agreement. If we accept appellant's version and admit the evidence is competent, it goes no further, in our judgment, than to show that the grantees believed that, under the terms of the deed, the right of survivorship existed; but, with this concession, the proof falls far short of establishing that there was an agreement or understanding between the grantees separate and apart from the deed that they were to hold said property as joint tenants and not as tenants in common. Manifestly, their belief concerning the legal effect of the deed would not change the legal effect of the terms of the instruments. Our attention has been called, by the appellant, to the fact that an experienced lawyer and conveyancer drew the deed and that the word "jointly" is a technical word and, used by one acquainted with technical terms, must be given its technical meaning. In weighing this testimony, it is the unanimous opinion of this court that if an experienced conveyancer actually intended to create a joint tenancy with right of survivorship there would have been something in the deed expressly creating such an estate other than the mere use of the word "jointly". The rule is laid down in 33 C. J. 905, which is supported by cases from Massachusetts and Missouri, that the mere use of the word "jointly" is not sufficient to create a joint tenancy.

The contention of appellant in this case furnishes a forcible illustration justifying the policy adopted in the State of Iowa disfavoring joint tenancies with right of survivorship. Mrs. Donahue had a husband and a son. It is almost inconceivable that she would undertake to barter away the inheritance of the natural objects of her bounty, her husband and son, taking a gambler's chance that she would survive her brother. That she did not intend any such arrangement is borne out by the testimony of Mrs. Nettie Albright, another sister with whom Isaac C. Winey made his home for a number of years prior to his death, and who was present and heard a conversation between Mrs. Donahue and Isaac in relation to this matter and in which conversation Isaac said to Mrs. Donahue, "Well, Alice, I got a proposition to make to you." She said, "What is it?" He says, "If you will let me have the farm you and I have got together

as long as I live and take off what there is on it, then before I die I will see that it is fixed that you get it." "Well," she says, "I couldn't hardly do that because you don't know but what I might die first." Mrs. Albright's husband testified to the same effect. In weighing all this testimony, we cannot help but be impressed with the reasonableness of the statement just related and we are inclined to give it more credence than appellant is willing should be given to it. Most of the testimony of Attorney Williams was either incompetent or was the expression of a mere opinion or conclusion and the contention of appellant that his testimony tended to establish an oral agreement between Mrs. Donahue and her brother, Isaac C. Winey, is wholly untenable.

No such claim is found in plaintiff's action to quiet title or in her answer to appellees' petition for partition; neither is there a scintilla of evidence as to any agreement between the parties at the time this deed was made and delivered. There is an entire absence of any showing as to where, when, or under what circumstances or upon whose request the deed in litigation was drawn. The record does not reveal the ages of the grantees in this deed. It does recite: "* * * to the said grantees, their assigns, heirs, and devisees forever", thus, expressly negativing the right of survivorship in one of the grantees or his or her heirs. Appellant has cited cases from other jurisdictions all of which we have carefully considered.

The errors assigned are without substantial merit. An affirmance of the decree and judgment of the trial court necessarily follows.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.