In re Estate of Fred E. Palmer, deceased.
Pearl Palmer, appellant, v. Burton
Sprole, executor, appellee.

No. 52276.

DECEMBER 13, 1966.

Gifford Morrison, of Washington, Hugh Lundy, of Albia, and Life, Davis & Life, of Oskaloosa, for appellant.

Stewart & Shearer, of Washington, for appellee.

MASON, J.—This is an appeal by Pearl Palmer from an award to her as the surviving spouse of Fred E. Palmer on her application to take the distributive share to which she is entitled under the statute after her election to take against decedent's will.

1078

Fred E. Palmer died testate January 4, 1961. His will was admitted to probate in Washington County August 26, 1963. September 10 appellant filed her election to take against the will and application for admeasurement of distributive share under chapter 636, Code, 1962 (now Division V, chapter 633, Iowa Probate Code), alleging decedent died seized of real estate described, asking appointment of referees to set off her share and for hearing on the application. An order setting time and place of hearing was entered and notice thereof given. The executor filed answer as such and in his individual capacity to appellant's application.

After hearing, two referees were appointed and provision made for selection of a third who was subsequently appointed. Later an order of direction to the referees was entered, warrant to commissioners issued and commissioners' report and appellant's objections thereto were filed. Appellant's motion for adjudication of law points, rule 105, Rules of Civil Procedure, was overruled and the matter proceeded to hearing on her objections to commissioners' report and the executor's answer to the objections.

From an order overruling her objections to the report, confirming the allotment and division made, Pearl Palmer appeals.

I. She assigns as propositions relied on for reversal (1) unfairness and inequity in the commissioners' report in the method of appraisement and division, and (2) in charging an existing mortgage as a deduction against the share to which she was entitled.

At the time of his death Fred E. Palmer owned a 225.56-acre farm east of Washington. 75.56 acres including the homestead are north of highway 92, and 150 acres, encumbered by a mortgage executed by decedent and appellant October 28, 1955, are south of the highway. Decedent also owned ten acres of timber which are not part of the farm.

In her application for admeasurement of distributive share in the real estate, appellant asked to have the homestead included.

The commissioners' report sets forth a detailed breakdown of decedent's real estate and allocates values to the various tracts

and improvements. The real estate north of the highway with improvements was appraised at $42,530, 26.06 acres at $500 per acre, 7.5 acres and outbuildings at $4500, two acres and dwelling at $7000 and 40 acres at $450 per acre.

The portion south of the highway was appraised at figures ranging from $275 to $450 per acre for a total of $61,150 and the timber tract at $25 an acre. From the appraised value of the south tract the commissioners deducted the principal balance of the mortgage due at decedent's death in the amount of $13,-400, giving a net value of $47,750 to the land located in this section.

The appraised value of the entire real estate thus showed a net value of $90,530.

After employing a surveyor to make a survey and plat, the commissioners set aside to appellant 26.06 acres of the tract north of the highway appraised at $500 per acre, two acres with dwelling and 7.5 acres with outbuildings. To make up her share they set off an adjoining 12.55 acres of the 40-acre tract appraised at $450 per acre. The 48.11 acres which included the homestead had a computed value of $30,177.50 which is the equivalent of her dower established at $30,176.66.

II. Since all proceedings with reference to appellant's application for admeasurement, commencing with the hearing on appointment of referees, occurred after January 1, 1964, citation of pertinent statutes will be to the Iowa Probate Code. Section 633.2(1).

This matter was tried by the probate court as a proceeding in equity. Section 633.33. Our review is de novo. Rule 334, R. C. P. We give weight to the fact findings of the trial court but are not bound by them. Rule 344(f)7, R. C. P.

Section 633.238 provides in part:

"Share of surviving spouse who elects to take against will. If the surviving spouse elects to take against the will, the share of such surviving spouse will be:

"1. One-third in value of all the legal or equitable estates in real property possessed by the decedent at any time during the marriage, which have not been sold on execution or other

judicial sale, and to which the surviving spouse has made no relinquishment of his right."

■ "(T)he law provides that one-third in *value* of all the real estate, shall be set apart to the widow. But the word '*value*', as here used, as we understand it, was intended to provide for the assignment of dower, according to the worth or value of the real estate, instead of the extent or quantity thereof." Corriell v. Bronson, 6 Iowa (Clarke) 471, 475, 6 Iowa (Cole's Ed.) 470a, 474.

Two of appellant's witnesses placed a valuation of $600 per acre on the farm, the third $500 per acre. As we understand it, appellant contends under her first assignment that if the farm has a value of $600 an acre, there being 225.56 acres, it would have a total value of $135,336; after deducting the mortgage the farm would then have a net value of $121,936 with appellant's share being $40,645.35 or 67.74 acres. It is implicit in this argument that section 633.238 provides she be awarded one third of the acres rather than one third in value of the real estate.

Appellee contends $600, $500 or $460 per acre valuation is an average price, some of the land being worth more, some less; that appellant's contention is based on an average-price theory and a division of the acres. Appellant's witnesses agree that all parts of the Palmer farm were not of equal quality or value.

■ We think appellant has not properly interpreted the statute. The commissioners' report clearly discloses that the dower portion was determined by value. The dwelling and outbuildings on the north portion, the crib, hoghouse, old house and shed on the south side are identified and valued. The farm was valued in separate tracts because the whole farm, as to the land, was not of equal quality or value.

Appellant made no attempt to value the various parts of the farm or the homestead separately. She elicited only an average per-acre value for the whole farm.

The commissioners followed the correct procedure in valuing the farm in tracts as shown by their report, and the action of the trial court in confirming their report as just, fair and right is sustained as to this proposition.

Cases cited by appellant do not hold to the contrary.

III. Appellant contends under her second assignment that in determining her distributive interest the balance owing on the mortgage encumbering the 150-acre tract should not be deducted from the value of that portion of the farm. She argues her distributive share should be evaluated without considering the note and mortgage obligation. She thinks this provision of decedent's will, "land shall be subject to pro rata share of mortgage debts thereon", supports this view.

In the order of direction to referees dated February 14, 1964, the court held that because appellant joined in executing the note and mortgage on October 28, 1955, encumbering land in which she was dowable, the value of the encumbered land was not to be estimated independent of the encumbrance. This order was entered after a hearing in which counsel for both parties presented briefs on the question.

In the mortgage which secured a note executed the same day by decedent and appellant, both released and waived all rights and benefits of all exemptions, dower and homestead laws. The debt was the debt of both.

In determining the distributive share of a surviving spouse the amount of any mortgage indebtedness to which he or she has assented by joining is properly deducted from the total valuation of decedent's real estate. In re Estate of Caylor, 208 Iowa 1208, 1214, 227 N.W. 103, 107; Van Veen v. Van Veen, 213 Iowa 323, 337, 236 N.W. 1, 7, 238 N.W. 718, 725.

Appellant's second assignment cannot be sustained.

IV. The order approving the commissioners' report is—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.