Emsley v. Bennett.

| 37 | 15 |
| 82 | 450 |
| 82 | 462 |

| 37 | 15 |
| f112 | 662 |

| 37 | 15 |
| f132 | 323 |

| 37 | 15 |
| 142 | 492 |

## EMSLEY v. BENNETT.

1. **Forcible entry and detainer:** ISSUES INVOLVED. In this action the question of title or right of possession is in nowise involved. The facts of actual possession by the plaintiff, and an entry by force, fraud or stealth, or an unlawful detainer by the defendant, are the only ones to be determined.

2. —— It is immaterial in what capacity or relation the plaintiff is in possession, whether as owner, tenant, agent, or a mere trespasser.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, JUNE 19.

THIS action was brought before a justice of the peace by written petition stating that the plaintiff was entitled to the immediate possession of lot 8, in block 27, in the town of Mason City, Iowa, and that the defendant on or about the 16th day of May, 1872, by force and stealth entered upon the prior actual possession of the plaintiff and now holds the same, etc.

The defendant answered by written pleading denying that he entered upon the prior actual possession as alleged; denying that the plaintiff was in the actual possession of the lot when defendant entered, etc. The cause was tried before the justice who rendered judgment for the defendant. The plaintiff appealed the case to the circuit court, where it was tried to a jury, resulting in a verdict and judgment for the defendant, from which the plaintiff again appeals.

*Card & Miller* for the appellant.

*Goodykoontz & Wilber* for the appellee.

MILLER, J. — The court, against appellant's objections, permitted the defendant to amend his answer and give evidence to the jury to the effect that in a conversation between the parties the plaintiff stated that he did not claim to have any interest in the property; that, relying upon this statement, the defendant purchased the same of the owner thereof and took possession under such purchase; also evidence, under the amended answer, tending to show that plaintiff's prior possession was as agent for the owner and not in his own right. The court also instructed the jury, at the request of the defendant, as follows: " If the plaintiff, with knowledge that the defendant contemplated purchasing the premises in question, told the defendant or his agent that he, plaintiff, had no claim or interest in said premises, and if the defendant purchased the premises in good faith, relying on said statements, the plaintiff is

now estopped from asserting against defendant any claim or interest therein inconsistent with the statements so made."

In allowing the amendment to the answer, in the admission of the evidence, and in giving this instruction there was error. In this action the question of title or *right* of possession is not involved and cannot be tried. The facts of actual possession by the plaintiff, and an entry by force, fraud or stealth, or an unlawful detainer by the defendant are the only ones to be determined — and they alone are the matters in issue irrespective of the ownership or right of possession. It is immaterial, also, in what capacity or relation the plaintiff is in possession, whether as owner, tenant, agent, or as a mere trespasser. It is the *fact* of possession alone that is material. A person may render himself liable to an action for forcible entry and detainer, by entering upon his own premises even when he has the right to immediate possession. *Settle* v. *Henson*, Morris, 111 ; *Lorimer et al.* v. *Lewis*, id. 253.

The only proper issues to be tried in the case were : 1. Was the plaintiff in the actual possession of the premises ; 2. Did the defendant enter upon such possession by force or stealth ; and to these issues the evidence should have been confined, and upon these issues alone the jury should have been instructed.

The judgment of the circuit court will, therefore, for the errors above noticed, be                                     Reversed.