WILLIAM KIMBALL, Appellee, v. W. S. SHOEMAKER, Appellant.

S. SUITS, Appellee, v. THE SAME.

1. **Trespass**: TITLE TO PROPERTY: EVIDENCE. In an action for trespass by destroying a fence upon certain real estate, described in the petition according to the government survey, the defendant claimed that said property had been platted by a corporation named, and that he was the owner of the lots on which said fence was erected. The evidence failing to show the legal existence of such corporation at any time, nor what were its object and powers, and the plaintiff having shown a right of possession to the property, *held*, that the plaintiff was entitled to recover.

2. ——— : ——— : EJECTMENT BY FORCE. The plaintiff being in peaceable possession of the premises, and having never been ejected by any legal proceeding, *held*, the defendant's action was wrongful, whatever his title.

3. **Practice in Supreme Court**: OBJECTIONS TO EVIDENCE. Objections to the admission of evidence which were not raised in the trial court will not be considered upon appeal by the supreme court.

*Appeals from Council Bluffs Superior Court.*—HON. E. E. AYLESWORTH, Judge.

TUESDAY, MAY 19, 1891.

ACTIONS to recover damages caused by a trespass upon real estate and the destruction of fences. The causes were tried together by the court without the intervention of a jury, and judgment was rendered in favor of the plaintiff. in each case. The defendant appeals.—*Affirmed.*

*W. S. Shoemaker, pro se.*

No appearance for appellee.

ROBINSON, J.—I. Each plaintiff claims to own a part of the north half of the northeast quarter of sec-

**1. TRESPASS:** title to prop- erty: evidence.

tion 33, in township 75 north, of range 44 west, in Pottawattamie county, and to have been in possession thereof for many years. In November, 1888, the tracts claimed by them were inclosed with a wire fence. About the twenty-first day of that month the marshal of Council Bluffs, acting by virtue of a resolution of the city council, removed and destroyed a portion of it. The plaintiffs rebuilt it, and early in December, 1888, the defendant and others again destroyed it. The evidence shows that the plaintiffs had occupied the land in controversy for some time prior to the destruction of the fences, and there is no evidence that they had ever been dispossessed. It does not appear that they have now or ever had any other right to the land than the right of possession. The defendant claims that the land was duly platted by its owner as the Ferry addition to the city of Council Bluffs, and is no longer known as a government subdivision, but as lots, blocks, streets and alleys, according to the plat; that he is the owner of a large number of the lots, and that the persons with whom he acted also owned a large number of them; that said lots were wrongfully inclosed by the fence destroyed; that in what he did the defendant only sought to protect his own property. It appears that the marshal destroyed so much of the fence as he claimed to be in the streets and alleys of the

alleged addition ; that the plaintiffs rebuilt it, so far as practicable, on the lots, avoiding the alleged streets and alleys, and that the fence destroyed by the defendant and those acting with him was on that part of his land claimed to be platted lots.

The appellant insists that the plaintiffs must fail, for the reason that they seek to recover damages not because of a trespass upon lots, but upon a government subdivision of land. We do not find it necessary to consider the legal question thus raised by the appellant. There is no evidence that a plat was ever made by any persons authorized to make one. It is claimed that the land in controversy was platted by a corporation known as the " Council Bluffs and Nebraska Ferry Company," but there is no evidence that such a corporation ever had a legal existence, and, if its existence be conceded, there is no proof as to its object, nor as to the powers with which it was clothed. The defendant offered parol evidence in regard to the time of the alleged organization of the company, the property it owned, and the disposition made of it, but such evidence was properly rejected at the instance of the plaintiffs as being incompetent, and not the best evidence, no foundation for its introduction having been laid. Attempts were made to show the loss of some of the records of the company, but what such records would have shown in regard to its organization and powers does not appear. Having failed to show that the land in question was duly platted as an addition to Council Bluffs, and the power of the company to receive and convey title to the land not having been proved, the defendant has failed to show title in himself to any of the property he claims.

II. The plaintiffs were in peaceable possession of the premises in controversy. They had never been ejected by legal proceedings nor otherwise. The marshal had destroyed the fence so far as it was in what was claimed to be streets and alleys, but he did not attempt to interfere with the possession of the plaintiff as to the remainder of the premises. If the defendant had owned them with

2. ——: ——:
ejectment
by force.

the right to immediate possession when he destroyed the fence, his acts would, nevertheless, have been wrongful. The law has provided a remedy in such cases, and will not permit the owner to enter into possession by stealth or force. *Emsley v. Bennett*, 37 Iowa, 16.

   III. The appellant discusses certain rulings of the court in regard to the admission of evidence, and

**3. PRACTICE in supreme court: objections to evidence.**
the rule adopted to ascertain the amount of damages. We need not refer more specifically to the alleged errors. It is sufficient to say that we discover no prejudicial error in any of them. Objection to the evidence as to the damages sustained was not made on the trial, and cannot be considered now. There is evidence to sustain the finding of the court as to the amounts allowed.

We have treated this case as though the full record were before us, but it is proper to say that there is no statement in the abstract to the effect that it is a complete abstract of the record, the certificate of the judge appended to the bill of exceptions not having that effect. For that reason the judgments of the superior court could not have been disturbed even had the abstract submitted shown prejudicial errors. AFFIRMED.