This is an action in equity to quiet title to real estate. Plaintiff-appellees claim title as devisees under the will of Lena Wayman. Lena Wayman and Grant Wayman were married in 1922. Each had been previously married. Grant Wayman died in 1934, Lena Wayman died in 1936. Defendant-appellants are the widow and children of a son of Grant Wayman by a previous marriage. The real estate here in controversy is a lot and house thereon in Cedar Rapids, which Grant and Lena Wayman had occupied as their home. Lena apparently had some negotiations for the purchase of this property prior to her marriage to Grant Wayman. However, the contract of purchase was made subsequent to the marriage and names Lena Wayman as vendee. The purchase price was $5,000, and the receipt for the first $1,000 payment ran to Lena Wayman.
The deed, executed shortly thereafter, recites, in consideration of $1.00 and other valuable consideration the grantors "hereby sell and convey unto Lena Wayman and Grant Wayman, or to the survivor of either," the real estate here in controversy. "And we do hereby covenant for ourselves, our heirs and personal representatives with the said Lena Wayman and Grant Wayman, their heirs and assigns, that we are lawfully seized of the said premises and that the same are free from encumbrances. That we will make such other and further assurance of said premises as shall be lawfully and reasonably advised, devised or required, and that we will forever warrant and defend the same against the lawful claims and demands of all persons."
Defendants contend Grant and Lena took title under the foregoing deed as tenants in common without right of survivorship and that upon the death of Grant his interest descended to his heirs. The trial court held that by the terms of the deed, title to the premises was vested in Lena Wayman and Grant Wayman or the survivor of either and that upon the death of Grant Wayman the title became at once vested in Lena Wayman *Page 655 
(the survivor) absolutely in fee simple. Accordingly, the decree quieted title in Lena's devisees, plaintiffs, (and their grantees), against defendants, who claimed an undivided interest therein by descent from Grant Wayman. Defendants have appealed.
The doctrine of survivorship is not favored in this country and most states have adopted legislation modifying or abolishing the old common law rule which, in general, required an express limitation in the instrument to create a tenancy in common. 14 Am. Jur. 84 et seq.; 33 C.J. 904-906. In Iowa the statute, now section 10054, Code of 1939, provides:
"Tenancy in common. Conveyances to two or more in their own right create a tenancy in common, unless a contrary intent is expressed."
Accordingly, it was held in Hoffman v. Stigers, 28 Iowa 302, that a conveyance to a husband and wife without limitations vested title in them as tenants in common since there were no "proper words" expressing a contrary intention.
The language used to express "a contrary intention" must clearly manifest such intention. In Albright v. Winey, 226 Iowa 222,284 N.W. 86, a conveyance to two grantees "jointly" was said to be not sufficient to create a joint tenancy. See 33 C.J. 905. Weber v. Nedin, 210 Wis. 39, 246 N.W. 307, points out that the word "jointly", as used in common parlance, is a word applicable to estates in common as well as in joint tenancy and, therefore, lacks the element of certainty necessary to comply with the statute. In the deed in the Albright case, 226 Iowa at page 224,284 N.W. at page 87, the habendum also contained the provision, "`to have and to hold the above described real estate to the said grantees, their assigns, heirs, and devisees forever.'" This was held to negative any intent to create a joint tenancy. And in Gruwell v. Gruwell, 185 Iowa 581, 586, 171 N.W. 290, 291, the granting clause conveying to the grantees without limitations was followed by a statement in the habendum that the premises shall be held by whichever grantee survives the other undivided until the death of said survivor, when title "`is to be vested in the legal heirs of above grantees as the law directs.'" This clause, said the court, not only fails to disclose an affirmative intent to *Page 656 
create a joint tenancy, but by its fair implications, it tends to negative such intent.
The introductory clause to the deed in Fay v. Smiley, 201 Iowa 1290,1293, 207 N.W. 369, 370, refers to the grantees, husband and wife, as "`tenants by the entirety and not as tenants in common.'" The granting clause merely conveys a fee simple title to the husband and wife, their heirs and assigns forever. Like language is employed in the habendum clause. The court held the language in the introductory clause referring to the tenancy "is merely descriptive of the parties," and that an estate cannot be created by merely naming it in the introductory clause without describing it in a subsequent provision in words adequate to express and carry out the intention.
In Wood v. Logue, 167 Iowa 436, 149 N.W. 613, Ann. Cas. 1917B, 116, the granting clause appears to convey title to the grantees in fee simple without limitations. The habendum provides, in part, that the one dying last is to be the absolute owner of the property and may dispose of the entire property by will or in any other way that he or she may desire. This language was held sufficient to create a joint tenancy with the right of survivorship.
The deed in the case at bar contains neither introductory clause nor habendum. Therefore, there is no question of repugnancy between the introductory clause, granting clause or habendum clause. The granting clause conveys the property to the grantees, "or to the survivor of either." The word "survivor" or "survivorship" has no equivocal meaning and as here used is not an incident to the creation of a tenancy in common. Such appears to be the holding of courts which have construed instruments containing clauses identical or similar to the one in this case. Weber v. Nedin, 210 Wis. 39, 246 N.W. 307; Forney v. Farmers Mutual Ins. Co., 181 Minn. 8, 231 N.W. 401; Finch v. Haynes,144 Mich. 352, 107 N.W. 910, 115 Am. St. Rep. 447; Mittel v. Karl,133 Ill. 65, 24 N.E. 553, 8 L.R.A. 655; Arthur v. Arthur,115 Neb. 781, 215 N.W. 117.
Nor is the language of the covenanting clause, referring to the grantees, their heirs and assigns, sufficient to render uncertain the intent expressed in creating the estate. One reason is *Page 657 
that although the covenants may be considered in construing a deed they do not control the premises or granting clause. Farmers Bond Mortgage Co. v. Walker, 207 Iowa 696, 699, 223 N.W. 497,498. We need not consider the suggestion in Weber v. Nedin, supra, and Finch v. Haynes, supra, that the use of the term "their heirs" is not inconsistent with the creation of an estate in joint tenancy.
We conclude the language in the granting clause of the deed, "or the survivor of either," is sufficient to clearly manifest an intention to create an estate in joint tenancy with survivorship incident thereto. It follows that upon the death of Grant Wayman no title to the realty passed to his heirs. Instead the title vested absolutely in Lena Wayman under the deed, and subsequently in appellees as devisees under her will. This was the conclusion of the trial court. The decree is affirmed. — Affirmed.
All JUSTICES concur.