[Civ. No. 13580.   Second Dist., Div. Two.   May 12, 1942.]

HARRY CALDWELL et al., Appellants, v. GEM PACKING COMPANY (a Corporation) et al., Defendants; PRODUCERS PACKING COMPANY (a Corporation), Respondent.

I. Charles Rubin for Appellants.

Byron O. Smith and Stephens, Jones, Inch & La Fever for Respondent.

HANSON, J. pro tem.—Appellants, Harry Caldwell and A. Himmelfarb, doing a wholesale business as Model Meat Company, brought this action against the Gem Packing Company, a corporation, predicated upon an alleged written contract between the parties, and against the Producers Packing Company, a corporation, which subsequently purchased the plant of the Gem Packing Company. The theory upon which liability was predicated against the purchasing corporation was based on the claim that the contract, aside from certain personal agreements therein contained, was a lease of a part of its plant by Gem to plaintiffs, and so Producers took title thereto subject to the lease and the possession which plaintiffs alleged they held to a part of the premises. Demurrers filed by Producers to the original complaint, the amended complaint and the second amended complaint were all sustained, the last being without leave to amend.

The second amended complaint was in two counts, one for a declaratory judgment and the other for a judgment for damages because of plaintiffs' alleged eviction from the plant. In the first two complaints plaintiffs alleged that one Oswald was at all times the owner of the plant and its premises and that he evicted the plaintiffs on May 5, 1941. In the last amended complaint, however, plaintiffs alleged that it was Producers which evicted them, without any showing therein as to the reason for this material change in allegation.

The contract under which the plaintiffs claim is in the form of a letter from the Gem Packing Company to the plaintiffs under date of February 2, 1941, which was "accepted" by the signature of the plaintiff Caldwell but without the signature of plaintiff Himmelfarb. For our purposes we shall assume, without deciding, that this acceptance was sufficient to make a binding contract notwithstanding the claim made to the contrary by the respondent. The letter

recites that plaintiffs on their part are to deliver not less than 100 head of livestock monthly to be slaughtered by Gem within 24 hours of the receipt thereof, and for which plaintiffs are to pay Gem a certain price per head depending upon the type of animals, whether sheep or cattle. The letter recites that Gem shall supply all necessary labor and equipment and that it is to furnish not only refrigeration for the livestock killed but in addition cooler space suitable for display and office space for plaintiffs. The letter closes with the statement that the arrangement as narrated is to continue for a period of three years. Both counts of the complaint are predicated on the theory that the letter constituted a lease, and on that theory the first count seeks a declaration of the rights and duties of the parties under the alleged lease, and the second count seeks damages for eviction along with incidental damages alleged to have been suffered because of Producers' breach of the terms of the lease.

*Declaratory Relief.* As it is discretionary with the trial court to refuse to entertain an action for declaratory judgment where it concludes its declaration or determination is not necessary or proper at the time and under all the circumstances, we are without power to review its action denying such a declaration except where an abuse of discretion is shown. (*Monahan* v. *Department of Water & Power*, 48 Cal. App. (2d) 746 [120 P. (2d) 730].) There is no showing here that such discretion was abused. Moreover, it is plain on this record that there was no basis for declaratory relief against Producers. Accordingly, the demurrer of Producers to the count seeking declaratory relief was rightly sustained.

*Damages for Eviction.* With the view of stating a cause of action in damages for eviction plaintiffs alleged that they were in the "exclusive right and possession" of an office space approximately 10 by 12 feet within the main office of the plant and of two designated rails in the "main cooler"; that on May 5, 1941, while plaintiffs were thus in possession Gem transferred its right and title to and possession of the plant and premises to Producers; that Producers evicted the plaintiffs "under title paramount to defendant Gem Packing Company; that plaintiffs . . . were compelled to and did rent office space and refrigeration, labor and cooler space suitable for the plaintiffs' business, and which the plaintiffs . . . are informed and believe will be to their damage in an amount unknown to plaintiffs at this time, and when the same are ascertained

plaintiffs . . . will ask leave of court to amend this complaint to set forth the true amount thereof.''

If, as alleged, Gem transferred its interest in the plant to Producers and the latter evicted plaintiffs not by virtue of such transfer but under a ''title paramount,'' it is self-evident that plaintiffs by so pleading exonerate Producers from liability to them. Liability against Producers could be spelled out only by showing that Producers received title from Gem subject to an estate of possession in favor of plaintiffs. By the allegation in question plaintiffs not only failed to show a superior right of possession in themselves, good against Producers, but they introduced such uncertainty into their complaint so as not only to warrant but to require the court to sustain the demurrer on that ground. ██ But quite apart from this defect of pleading, it is obvious that no cause of action for eviction was or could be stated in view of the terms of the letter contract. This for the reason that its terms control as to its meaning and character and not the conclusions which the pleader chose to place upon it by his allegations. To sustain a cause of action for eviction it is essential that the contract relied upon be a lease or a contract for a lease. The letter contract here involved clearly is neither. By it no rent is reserved as such, and much less is there any indication from its language that Gem intended to divest itself of the possession of any part of its property and place such interest or exclusive possession in the appellants. ██ A mere permission by the owner to another to use an unidentified part of his premises is a mere license, where the owner retains dominion over it. (*Tips* v. *United States,* 70 F. (2d) 525.) A permissive occupation of premises conferring a legal estate and possession thereof is essential to the relation of landlord and tenant.

██ In its essence the contract in question is one to slaughter livestock at so much per head, with incidental provisions for refrigeration and display of the dressed meats, along with a limited office space, without any separate rental for the use of the facilities provided. The contract contemplates that these incidental facilities are to be supplied only if one hundred head of livestock are slaughtered per month. Accordingly the contract is one for a service to be rendered, with the privilege of the use of the specified facilities, and not one of a lease of premises or any part thereof. Moreover, as no rent is reserved the consideration payable may not be ap-

portioned so as to disclose a rent. As the terms of contract will not sustain a cause of action for damages for eviction, the demurrer to that count, so far as it is based on the theory of eviction, was rightly sustained.

We come then to the further allegations of the count which endeavor to plead a cause of action for breach of contract. With respect to these allegations it is sufficient to say that the pleader alleged, by way of conclusion and not by any statement of ultimate facts, that Gem and Producers conspired to have the assets of Gem transferred to Producers without a consideration and for the purpose of depriving plaintiffs of their rights under the letter contract; that Gem is not in a position to respond to plaintiffs for the damages which they have sustained by the eviction on the breach of the contract, and that unless it be enforced against Producers plaintiffs will suffer great loss. Parenthetically, it may here be observed that if there was no adequate consideration for the transfer of Gem's assets to Producers an adequate remedy for plaintiffs lay in having execution issue against the property transferred upon any judgment recovered against Gem.

However, if there was an adequate consideration for the transfer we know of no principle of law which would make Producers liable to plaintiffs merely because it sought to and did purchase its assets knowing that the effect thereof would be to cause Gem to breach its contract. Even if the motive of Producers involved this supposed evil intent, motives are not actionable. But apart from this, the conclusions were not admitted by the demurrer and so must be regarded as not having been alleged. Aside from the allegations as narrated, and certain allegations to the effect that certain expense and damage had been sustained by plaintiffs, the only other allegation is that two stockholders of each corporation controlled both corporations and were fully cognizant of plaintiffs' contract with Gem. This fact, as we have already indicated, is of no materiality and is wholly inadequate to warrant piercing the corporate veil of either corporation and classing both as one. In passing we might observe that the allegation by the plaintiffs, made upon information and belief, that they have been damaged and that when the damage is ascertained they will ask permission to amend, created no issue. If plaintiffs were no more certain of their damage they had nothing to present to the court in vindication of their alleged rights.

The demurrer was rightly sustained, for the reason indicated and others which we have not taken time to state.

Judgment affirmed.

McComb, J., concurred.

Wood (W. J.), Acting P. J., concurred in the judgment.