## LEISHMAN v. ASSOCIATED WHOLE-SALE ELECTRIC CO.

### No. 9970.

Circuit Court of Appeals, Ninth Circuit.

May 26, 1942.

Rehearing Denied July 25, 1942.

See also, D.C., 36 F.Supp. 804.

John Flam, of Los Angeles, Cal., for appellant.

Gibson Yungblut, of Cincinnati, Ohio, and Leonard S. Lyon, of Los Angeles, Cal., for appellee.

Before MATHEWS, HANEY, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant brought an action against appellee for infringement of a patent. Appellee answered, trial was had, findings of fact and conclusions of law were made and filed, and judgment was entered dismissing the action. From that judgment this appeal is prosecuted.

---

■ The question is whether we have jurisdiction of the appeal. Though not raised by the parties, the question is here and has to be decided. City and County of San Francisco v. McLaughlin, 9 Cir., 9 F.2d 390; Credit Bureau of San Diego v. Petrasich, 9 Cir., 97 F.2d 65, 67; Crockett v. United States, 9 Cir., 125 F.2d 547, 549.

■ Section 8(c) of the Act of February 13, 1925, c. 229, 43 Stat. 940, 28 U.S. C.A. § 230, provides: "No writ of error or appeal intended to bring any judgment or decree before a circuit court of appeals for review shall be allowed unless application therefor be duly made within three months after the entry of such judgment or decree." With respect to appeals from judgments in civil actions, rule 73(a) of the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, provides: "When an appeal is permitted by law from a district court to a circuit court of appeals and within the time prescribed, a party may appeal from a judgment by filing with the district court a notice of appeal." The time referred to in rule 73(a) is that prescribed in § 8(c), namely, three months after entry of judgment.

The judgment in this case was entered on May 1, 1941. Notice of appeal was filed on September 4, 1941—four months and three days after entry of judgment. We called this to counsel's attention and permitted briefs to be filed on the question of the timeliness of the appeal.

Appellant, in his brief, invokes the rule that, where a petition for a rehearing,[1] a motion for a new trial[2] or a motion to vacate,[3] amend[4] or modify[5] a judgment is seasonably made and is entertained, the time for appeal does not begin to run until the motion is disposed of.[6] This rule, however, avails appellant nothing; for, in this case, there was no petition for a rehearing, no motion for a new trial, no motion to vacate, amend or modify the judgment.

On May 28, 1941—27 days after entry of judgment—appellant moved the court to amend and supplement its findings and conclusions. The motion was denied on June 9, 1941. Appellant would have us treat the motion as a petition for a rehearing, a motion for a new trial or a motion to vacate, amend or modify the judgment, and so would have us hold that the time for appeal did not begin to run until the motion was denied. This we cannot do; for the motion was not, and did not purport to be, a petition for a rehearing, a motion for a new trial or a motion to vacate, amend or modify the judgment.

■ The motion was made under rule 52(b) of the Federal Rules of Civil Procedure, which provides: "Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly." The motion in this case, though not made within the time prescribed in rule 52(b), was made within that time as enlarged by an order obtained by appellant pursuant to rule 6(b) of the Federal Rules of Civil Procedure.[7] The order, however, did not extend the time for taking an appeal and could not have done so; for rule 6(b) expressly forbids any such extension.

■ Rule 52(b) provides, as shown above, that the court may, upon motion of a party, amend its judgment as well as its findings. The motion in this case was not, however, a motion to amend the judgment. It was merely a motion to amend and supplement the findings and conclusions. Ap-

---

[1] Idaho Irrigation District v. Gooding, 9 Cir., 285 F. 453, 461; Thomas Day Co. v. Doble Laboratories, 9 Cir., 41 F. 2d 51 (cited by appellant); The Astorian, 9 Cir., 57 F.2d 85 (cited by appellant); Mitchell v. Maurer, 9 Cir., 67 F. 2d 286.

[2] Montgomery Ward & Co. v. Banque Belge, 9 Cir., 298 F. 446; Davis v. Livingston, 9 Cir., 13 F.2d 605; Janus v. United States, 9 Cir., 38 F.2d 431.

[3] Southern Pacific Co. v. Sartoris, 9 Cir., 27 F.2d 852; Neely v. Merchants Trust Co., 3 Cir., 110 F.2d 525 (cited by appellant).

[4] Fiske v. Wallace, 8 Cir., 115 F.2d 1003 (cited by appellant).

[5] United States v. Steinberg, 2 Cir., 100 F.2d 124.

[6] See cases cited in footnotes 1–5.

[7] Rule 6(b) provides: "When by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may, at any time in its discretion * * * order the period enlarged if application therefor is made before the expiration of the period originally prescribed or as extended by a previous order * * *; but it may not enlarge * * * the period for taking an appeal as provided by law."

pellant cites no case, and we have found none, holding that such a motion extends the time for taking an appeal.

The cases cited in appellant's brief (Thomas Day Co. v. Doble Laboratories, 9 Cir., 41 F.2d 51; The Astorian, 9 Cir., 57 F.2d 85; Neely v. Merchants Trust Co., 3 Cir., 110 F.2d 525; Fiske v. Wallace, 8 Cir., 115 F.2d 1003) are readily distinguishable from the case at bar. There was, in the Thomas Day case, a petition for rehearing; in The Astorian, a similar petition; in the Neely case, a motion to vacate the judgment; in the Fiske case, a motion to amend the judgment. In the case at bar, there was no petition for a rehearing, no motion to vacate or amend the judgment.

We conclude that the time within which appellant could have taken a valid appeal expired on August 1, 1941 (three months after entry of judgment); that the appeal actually taken—on September 4, 1941—was not a valid appeal; and that we have no jurisdiction thereof. Von Holt v. Carter, 9 Cir., 56 F.2d 61, 63.

Appeal dismissed.