DAISY WERNET, appellant, v. GOLDIE JURGENSEN et al., appellees.

No. 47658.

(Reported in 43 N.W.2d 194)

834

June 13, 1950.

Lee R. Harding, of Clinton, for appellant.

P. B. Holleran, Alan H. Mayer and E. C. Halbach, all of Clinton, for appellees.

OLIVER, J.—The real estate here involved is a lot and dwelling house in Clinton, Iowa. The amended and substituted peti-

tion states that, under a conveyance recorded in 1942, the title to this property was in Hans Jurgensen and defendant Goldie Jurgensen, his wife, as joint tenants with right of survivorship and not as tenants in common; that Hans and Goldie were estranged, although not divorced; that plaintiff was employed by Hans as his housekeeper and served as such from 1943 until Hans died in January 1949; that Hans had agreed plaintiff should continue to occupy the premises after his death and "to claim" the unpaid compensation due for her services "out of" such real estate; that in September 1949 defendants assembled at this "dwelling house and did by force, fraud, stealth, intimidation and threats in order to coerce and by reason of duress compel this plaintiff to momentarily leave said above described dwelling to summon assistance with the express intent to return and continue the occupancy thereof. That during the short interval of her absence the said defendants removed [her] personal effects from the" house, barricaded the doors and refused plaintiff the right to re-enter; that plaintiff was thinly clad and was compelled to seek shelter with neighbors; that defendant Goldie Jurgensen had previously stated to plaintiff "that she should retain possession of said above described property until such a time that an amicable settlement could be reached." Plaintiff alleged actual damage in the sum of $3000 and prayed judgment for this amount and for $2000 exemplary damages.

Defendants moved to dismiss the amended and substituted petition on grounds designated A, B, C, D, E and F. October 27, 1949, the court entered an order sustaining defendants' motion generally. October 31 plaintiff filed her written election not to plead over and to stand on the record. On the same day she filed notice of appeal.

I. Defendants contend the order sustaining the motion to dismiss the petition was not appealable as a final judgment. Rule 86, Rules of Civil Procedure, provides a party permitted by an order or ruling to plead further and fails to do so elects to stand on the record theretofore made. "On such election, the ruling shall be deemed a final adjudication in the trial court without further judgment or order * * *." This is the precise holding in Wright v. Copeland, 241 Iowa 447, 41 N.W.2d 102, an appeal from an order sustaining defendants' motion to dis-

miss the petition. In the case at bar the election filed by plaintiff went even further than R. C. P. 86 requires. We hold the order was appealable.

II. December 27, 1949, plaintiff filed what was denominated a "Motion for Correction of Proposed Abstract", apparently under R. C. P. 341(a). This motion pointed out that the ruling sustaining the motion to dismiss her petition was general and asked that it be made specific as required by R. C. P. 118. January 10, 1950, the trial court made the following Amendment to Order, of October 1949:

"Defendants' motion to dismiss plaintiff's amended and substituted petition as set out in Division I is sustained for the reasons stated in said motion and itemized as A, B, C, D, E and F."

R. C. P. 341(a) deals with the correction of the record rather than the changing of the record. Kohl v. Arp, 236 Iowa 31, 36, 17 N.W.2d 824, 169 A. L. R. 1067. Although the pendency of appellate proceedings does not preclude the trial court from amending its records to correct errors and mistakes to make it "speak the truth" an order appealed from cannot ordinarily be thus amended or modified as to matters of substance. Ruth & Clark, Inc. v. Emery, 235 Iowa 131, 134, 15 N.W.2d 896; Concannon v. Blackman, 232 Iowa 722, 728, 6 N.W.2d 116; 4 C. J. S., Appeal and Error, section 617.

Defendants contend the appeal should have been taken from the Amendment to Order, made in the January 1950 term, and that the appeal from the October 1949 order was ineffective. They cite Wolf v. Lutheran Mut. L. Ins. Co:, 236 Iowa 334, 343, 18 N.W.2d 804. In the Wolf case the later order was made prior to appeal and it materially modified the earlier order. In the case at bar the later order was made after appeal. The trial court could not then amend the original order as to matters of substance. Nor does the later order actually change the legal effect of the earlier. We conclude the appeal was properly taken from the October order. See Leishman v. Associated Wholesale Elec. Co., 9 Cir., Cal., 128 F.2d 204.

III. Ground A of the motion to dismiss the amended and substituted petition merely asserts "plaintiff has failed to

state a cause entitling her to the relief demanded." Standing alone, this is too indefinite to be considered because it does not specify wherein the petition is claimed to be insufficient, as required by R. C. P. 104(b) and (d). Wright v. Copeland, 241 Iowa 447, 41 N.W.2d 102. However, other grounds of the motion state the pleaded promise or agreement of Hans that plaintiff was to occupy the real estate after his death was ineffective to give plaintiff any right of occupancy after his death. Ground D of the motion is based upon the allegations in plaintiff's pleadings that Hans and Goldie were joint tenants with right of survivorship. The rule is settled that when Hans died title to the property immediately vested absolutely in Goldie under the 1942 deed. Hruby v. Wayman, 230 Iowa 653, 298 N.W. 639; Switzer v. Pratt, 237 Iowa 788, 23 N.W.2d 837; 48 C. J. S., Joint Tenancy, section 1, page 911. While the joint tenancy existed Hans could not give anyone a valid right of occupancy to commence with his death. Moreover, Goldie took title free from his debts. Wood v. Logue, 167 Iowa 436, 149 N.W. 613, Ann. Cas. 1917B 116; 14 Am. Jur., Cotenancy (Joint Tenancy), section 6. Hence, the pleaded agreement gave plaintiff no right to occupy the property after the death of Hans.

Other grounds of the motion to dismiss assert plaintiff's pleadings show the claimed agreement was oral and in violation of the statute of frauds and also that the property was the homestead of Goldie and Hans, and under section 561.13, Code of Iowa, 1950, could be encumbered only by a joint instrument executed by the husband and wife. These grounds of the motion need not be considered because of our holding that the pleaded agreement with Hans, the deceased joint tenant, did not give plaintiff the right to occupy the premises after his death.

 Prior to the death of Hans plaintiff's occupancy of the premises was incidental to her service and not as a tenant. Upon his death her employment terminated and with it her right to continue her occupation of the premises. 32 Am. Jur., Landlord and Tenant, sections 10 and 13; 51 C. J. S., Landlord and Tenant, section 6c, page 514, and section 181, page 785; Davis v. Long, 45 N. D. 581, 178 N.W. 936, 14 A. L. R. 796. An article by Floyd E. Page in 6 Iowa L. Bull. 173, contains a good discussion of these propositions, and cites authorities.

838

■Defendants suggest that after the death of Hans plaintiff was no more than a tenant at sufferance. No decision of this court defining this term has been called to our attention. There is some variance in the definitions of other courts, due largely to differences in statutes. Restatement of the Law, Property, section 22, defines an estate at sufferance as an interest in land which exists when one who had a possessory interest by virtue of an effective conveyance, wrongfully continues in possession after the termination of such interest, but without asserting a claim to a superior title. See also 51 C. J. S., Landlord and Tenant, section 181; 32 Am. Jur., Landlord and Tenant, section 13, page 37. However, the determination of the pleaded status of plaintiff upon the death of Hans in January 1949 is not here essential. The important question at this point is her pleaded status September 13, 1949.

Section 562.4, Code of Iowa, 1950, provides:

"Any person in the possession of real estate, with the assent of the owner, is presumed to be a tenant at will until the contrary is shown, and thirty days notice in writing must be given by either party before he can terminate such a tenancy * * *."

■ Plaintiff pleaded defendant Goldie Jurgensen (the owner) had told plaintiff she should retain possession of the property pending a settlement. Furthermore, her pleadings indicate she was permitted to remain in possession almost eight months. See 32 Am. Jur., Landlord and Tenant, section 13, page 38. Waterman v. Wood, 185 Iowa 897, 906, 171 N.W. 171, 174, states a purchaser under a contract who wrongfully assumes possession is not "immune against the remedies which would be appropriate against any other intruder. * * * one who takes wrongful possession may become a tenant at will, by reason of being permitted to remain therein 30 days or more, making it necessary for the owner to terminate such tenancy by the statutory notice. But, his tenancy being so terminated, his holding again becomes wrongful, and he is liable to eviction by summary proceedings."

German State Bank v. Herron, 111 Iowa 25, 29, 82 N.W. 430, 431, interprets the statute (now Code section 562.4) as giving to the tenant at will a substantial estate and states: "It

is imperative in exacting notice before any estate at will may be terminated." See 26 Iowa L. Rev. 80. A commentary by Professor Robert W. Swenson, 37 I. C. A. 276, states the tenancy at will in Iowa is quite different from and is a much more substantial estate than its common-law progenitor.

It follows that under the facts pleaded in the amended and substituted petition, plaintiff, on September 13, 1949, was in lawful occupancy of the premises in question as a tenant at will. Hence, acts of the defendants interfering with her occupancy would be wrongful.

█ Defendants suggest that plaintiff's only remedy, if wrongfully removed, was by forcible entry and detainer. It is a sufficient answer that a forcible entry and detainer proceeding is not exclusive but is cumulative of any other remedy a party may have. Chicago G. W. Ry. Co. v. Iowa Central Ry. Co., 142 Iowa 459, 470, 119 N.W. 261; 36 C. J. S., Forcible Entry and Detainer, section 3, page 1147; 22 Am. Jur., Forcible Entry and Detainer, section 13; Buchanan v. Crites, 106 Utah 428, 150 P.2d 100, 154 A. L. R. 167, and annotation on page 181. See also section 648.17, Code of Iowa, 1950.

We need not determine the rights of the parties had plaintiff's pleadings shown her possession was wrongful or that she was a tenant at sufferance as suggested by defendants. Our attention has not been called to any decision of this court which is directly in point upon that proposition, and decisions of other courts are not in agreement. See Harrow v. Baker, 2 (Greene) Iowa 201; Emsley v. Bennett, 37 Iowa 15, 17; State v. McKinley, 82 Iowa 445, 450, 48 N.W. 804; Kimball v. Shoemaker, 82 Iowa 459, 461, 48 N.W. 925; Restatement of the Law, Torts, sections 87, 88 and 89; 52 C. J. S., Landlord and Tenant, sections 716 and 720; 32 Am. Jur., Landlord and Tenant, section 1010; annotations in 45 A. L. R. 313, 316, 49 A. L. R. 517, 60 A. L. R. 280.

The case is reversed and remanded with instructions to overrule the motion to dismiss.—Reversed and remanded.

BLISS, C.J., and HALE, SMITH, GARFIELD, MANTZ, WENNERSTRUM, and HAYS, JJ., concur.

MULRONEY, J., dissents.

MULRONEY, J. (dissenting in part)—I concur with Divisions I and II and that part of Division III that holds the pleaded 'agreement with Hans Jurgensen would be ineffective to give plaintiff a right to possession of the premises. I do not agree with the holding in Division III that the allegation in the petition that Goldie Jurgensen told her to remain in possession amounted to an allegation that she was a tenant at will of Goldie Jurgensen. It was essential to her action for damages for wrongful eviction that she plead she was a tenant of Goldie Jurgensen. 52 C. J. S., Landlord and Tenant, section 460, page 182; Caldwell v. Gem Packing Co., 52 Cal. App. 2d 80, 125 P.2d 901. She pleaded she was in possession with permission of the owner, and the majority hold this is sufficient because under section 562.4, Code, 1950, one in possession with the assent of the owner is "presumed" to be a tenant at will. The Code section is a statutory rule of proof, not pleading. It gives one in possession with the owner's assent the assistance of a presumption when proving tenancy but it does not relieve one suing on the basis of tenancy from alleging that fact.

It is not necessary to decide whether the petition would be sufficient as alleging a cause of action because of the manner and circumstances of her eviction. I merely disagree with the conclusion that the pleaded status of the plaintiff at the time of the eviction was that of a tenant-at-will of Goldie Jurgensen.