# IN THE COURT OF APPEALS OF IOWA

No. 12-1110
Filed October 29, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHARLES BERNARD LANDFAIR,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Richard D. Stochl (trial and sentencing) and George L. Stigler (motion to correct record), Judges.

Charles Landfair appeals his conviction for burglary in the first degree. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Charles Landfair, Fort Dodge, pro se appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Adam Kenworthy, Student Legal Intern, Thomas J. Ferguson, County Attorney, and Brook Jacobsen, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., Tabor, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**MILLER, S.J.**

Charles Landfair was convicted of burglary in the first degree, a class "B" felony in violation of Iowa Code sections 713.1 and 713.3(1)(c) (2011), and was sentenced to a prison term of no more than twenty-five years. He appeals.

In a brief filed by counsel, Landfair contends: (1) defense counsel rendered ineffective assistance by failing to move to have the charges against him dismissed for a violation of his right to speedy indictment, (2) the district court was without authority or jurisdiction to address a motion by the State to correct the record, and (3) the procedure employed by the district court in ruling on the State's motion to correct the record violated his right to due process of law. In a separate pro se brief, Landfair contends, as best we can understand his brief, that: (1) the State violated his right to a speedy trial, (2) the prosecutor engaged in misconduct, and (3) defense counsel rendered ineffective assistance by failing to assert a violation of Landfair's right to speedy indictment.

We choose to address the issues raised in a different order than set forth above, taking up first those raised in Landfair's pro se brief.

**I. Pro Se Claims.**

**A. Speedy Trial.**

"Generally, we will only review an issue raised on appeal if it was first presented to and ruled on by the district court. This general rule includes constitutional issues." *State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002) (citations omitted). Further, "when a motion is not ruled on in the trial court, and there is no request or demand for ruling, error has not been preserved." *State v. Walker*, 304 N.W.2d 193, 195 (Iowa 1981). Landfair makes

no claim or showing, and nothing in the record presented on appeal suggests, that his speedy-trial claim was ever passed upon by, or even presented to, the district court. We conclude he has not preserved error on his speedy trial contention and do not further address it.[1]

## B.    Prosecutorial Misconduct.

A defendant may not obtain relief based on a claim of prosecutorial misconduct without moving for a mistrial at the time of the alleged misconduct. *State v. Krogmann*, 804 N.W.2d 518, 526 (Iowa 2011); *see also State v. Duncan*, 710 N.W.2d 34, 45 (Iowa 2006) (noting on an issue of prosecutorial misconduct that "[b]ecause no such objection was made to this testimony, the claimed error was not preserved"). "When a party fails to alert the district court to its contentions, that party cannot thereafter rely on those contentions to seek a reversal on appeal." *State v. Halliburton*, 539 N.W.2d 339, 342 (Iowa 1995). Landfair makes no claim or showing, and nothing in the record presented on appeal suggests, that at any appropriate time he sought a mistrial or otherwise objected to any action or conduct by the prosecutor. We conclude he has not preserved error on his prosecutorial-misconduct contention and do not further address it.[2]

---

[1] We do note that although Landfair asserts he "did not sign a written waiver of his Right To A Speedy Trial," the record appears to refute this assertion. It contains a written "Waiver of Speedy Trial" purportedly signed by both Landfair and his defense attorney on November 21, 2011, and filed that same date.

[2] Although not necessary to our resolution of this issue, we do note that it also may be deemed waived because Landfair neither states any facts relevant to the issue, *see* Iowa R. App. P. 6.903(2)(f) (requiring an appellant's brief to include a statement of "the facts relevant to the issues presented for review"), nor complies with any of the requirements of our Iowa Rule of Appellate Procedure 6.903(2)(g) (requiring the appellant's brief to contain (1) a statement addressing how the issue was preserved for appellate review, (2) a statement addressing the scope and standard of appellate

### C.    Ineffective Assistance.

We find this claim indistinguishable from and adequately addressed by our disposition of the same issue raised and discussed in the brief filed by Landfair's appellate counsel.

## II.    Issues Raised by Counsel.

### A.    Motion to Correct Record—District Court Authority or Jurisdiction.

Landfair was arrested on or about August 28, 2011.  There appears to be conflicting evidence in the record as to when the trial information was filed, some indicating it was filed September 19, 2011, and some indicating it was filed October 19, 2011.  The first of those two dates is well within the forty-five days of arrest allowed for indictment by Iowa Rule of Criminal Procedure 2.33(2)(a).  The second is outside the forty-five days allowed, generally permitting a defendant to have the charge dismissed.  *See* Iowa R. Crim. P. 2.33(2)(a) ("When an adult is arrested for the commission of a public offense . . . and an indictment is not found within 45 days, the court must order the prosecution to be dismissed . . . .").

The State filed an Iowa Rule of Appellate Procedure 6.807 motion to correct the record on August 6, 2013.  The district court entered an order the following day, sustaining the motion and finding the trial information had been filed September 19, 2011.  Our supreme court entered an order granting Landfair the opportunity to file an amended brief.  In his amended brief Landfair contends

review, and (3) an argument containing the appellant's contentions and the reasons for them).

the district court had neither authority nor jurisdiction to address the State's motion to correct the record.

Iowa Rule of Appellate Procedure 6.807 is part of Division VIII of those rules, a division that sets forth the rules concerning the "Record on Appeal." It provides, in relevant part:

> **Correction or Modification of the Record**
> If any difference arises as to whether the record truly discloses what occurred in the district court . . . the difference shall be submitted to and settled by that court . . . and the record made to conform to the truth. If anything material to either party is omitted from the record . . . or is misstated therein . . . the district court . . . either before or after the record is transmitted to the supreme court . . . may direct that the omission or misstatement be corrected . . . .

Iowa R. App. P. 6.807.

In this case the record contained conflicting information concerning which of two dates the trial information had been filed on. The parties were obviously of different opinions as to which date was correct. The State sought an order from the district court to resolve the conflict. Landfair asserts the district court had no authority or jurisdiction to consider and rule on the motion. He argues that the matter is not "collateral" to the issue of ineffective assistance he had raised on appeal.

We conclude that rule 6.807 is designed to deal with situations like the one presented in this case. Although correcting a mistake or conflict in the record may affect the resolution of an issue a party wishes to pursue on appeal, the correctness of the record is itself collateral to any other issue. "[T]he pendency of appellate proceedings does not preclude the trial court from amending its records to correct errors and mistakes and make it 'speak the

truth.'" *Wernet v. Jurgensen,* 43 N.W.2d 194, 196 (Iowa 1950) (citing the predecessor of current rule 6.807). Landfair's contention that the district court does not have authority or jurisdiction to resolve conflicts concerning the correctness of the record presented on appeal is without merit.

### B.    Motion to Correct Record—Due Process of Law.

Landfair contends the procedure employed by the district court in ruling on the State's motion to correct the record violated his right to due process of law under the United States and Iowa Constitutions. He argues that the reliability of the court's findings are suspect due to the remoteness of time. The motion was filed less than two years after any approval and filing of the trial information. It involved one very limited issue—whether the filing occurred on September 19, 2011, or on October 19, 2011. Following a reversal on appeal or the granting of postconviction relief, criminal cases involving numerous and complex contested facts are at times retried several years after the original proceeding. We conclude the passage of almost two years before the motion was filed presents no barrier to the district court considering and ruling on the motion.

Landfair next argued his right to due process of law was violated as he was not afforded notice and an opportunity to be heard on the State's motion. We agreed, vacated the district court's ruling on the motion, and remanded for the district court to rule on the motion anew after providing Landfair notice and opportunity to be heard on the motion.

Landfair also contends the procedure employed by the district court in its first ruling on the State's motion to correct the record denied him the right to confront and cross-examine two affiants who provided affidavits relied on in part

by the trial court in its ruling. We vacated that ruling and remanded for new proceedings on the motion, and this issue is thus now moot.

### C. Ineffective Assistance of Counsel.

In the brief filed by counsel before our remand to the district court, Landfair contends his trial counsel rendered ineffective assistance by failing to move for dismissal of the charge against him based on (1) violation of his right to speedy indictment, and (2) the State's failure to properly serve him with the trial information. In a supplemental brief filed following the district court's ruling on remand, Landfair adds a third claim of ineffective assistance of counsel. He asserts the attorney who represented him at the remand hearing was not appointed until the day before the hearing and did not address issues that should have been addressed.

On remand the district court held an evidentiary hearing. In its resulting ruling the court found that the trial information had been filed on September 19, 2011. This finding is fully supported by the evidence presented at the hearing and thus resolves against Landfair the first of his three claims of ineffective assistance of counsel, *unless* his third claim has merit. We find the record is not adequate to address Landfair's second and third claims of ineffective assistance, and thus preserve his three claims for a possible postconviction proceeding.

### III. Conclusion and Disposition.

We affirm the judgment of the district court. We preserve Landfair's claims of ineffective assistance for a possible postconviction proceeding.

**AFFIRMED.**